UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRAM ZEHTABI, | No. 1:26-cv-01413-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Pedram Zehtabi is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues raised in Count 1 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, 2025 WL 3124116, No. 2:25-cv-03174-DJC-CKD (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 7.)  Respondents "agree that the factual and legal issues present here are not

1  substantively distinguishable to the aforementioned cases[.]"[1]  (ECF No. 9 at 3.)
2  Neither party objected to the Court ruling directly on the merits of the petition.
3       Respondents also note that Petitioner has accrued violations of his release
4  conditions.  (ECF No. 9 at 2.)  While a pre-deprivation hearing is often required, there
5  may be circumstances requiring arrest such that prompt post-deprivation hearings are
6  appropriate.  See J.S.H.M . v. Wofford, No. 1:25-cv-01309-JLT-SKO, 2025 WL
7  2938808, at *15 (E.D. Cal. Oct. 16, 2025) (citation omitted).  Given recency of some of
8  the alleged violations, all of which post-date Exhibit G to Petitioner's Temporary
9  Restraining Order cited by Respondent in their Reply (ECF No. 10 at 2 (citing ECF No.
10 2-3, Ex. 6)), the Court finds that a post-deprivation hearing in these circumstances is
11 proper.
12      Accordingly, as Respondents have not made any new legal arguments and
13 have not identified any factual or legal issues in this case that would distinguish it from
14 the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for
15 Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated
16 in those prior orders.[2]
17      Within five (5) days of this Order, Respondents shall afford Petitioner Pedram
18 Zehtabi a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a)
19 before an Immigration Judge.  The Government shall bear the burden of establishing,
20 by clear and convincing evidence, that Petitioner poses a danger to the community or
21 risk of flight, and Petitioner shall be allowed to have counsel present.
22 ////
23 ////

---

[1] In their description of the factual background of this case, Respondents also note that Petitioner was previously subject to a removal order.  (ECF No. 9 at 2.)  However, by Respondents own admission, the BIA has since granted a motion to reopen his immigration proceedings.  (Id.)  As such, the prior removal order is not relevant here.

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

      The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

      IT IS SO ORDERED.

Dated: **February 24, 2026**

_Daniel J. Calabretta_
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE